UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GREGORY BARTON,                                                      12 Civ. 0881 (LTS)

                                      Plaintiff,

      -against-

MARTHA STEWART LIVING OMNIMEDIA,
INC.; MARTHA STEWART LIVING
OMNIMEDIA, INC. 2005 EXECUTIVE
SEVERANCE PAY PLAN; and COMPENSATION
COMMITTEE OF THE BOARD OF DIRECTORS
OF MARTHA STEWART LIVING
OMNIMEDIA, INC.,

                                     Defendants.
------------------------------------------------------------x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

                                                                           John R. Cuti
                                                                           Julie B. Ehrlich
                                                                           Cuti Hecker Wang LLP
                                                                           305 Broadway, Suite 607
                                                                           New York, NY 10007
                                                                           (212) 620-2601

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT……………………………………………………………………...………………2

    I.   ERISA Preempts Barton's State-Law Claims ...................................................... 2

    II.  Barton's ERISA Claim is Time-Barred................................................................ 8

CONCLUSION............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**CASES**

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004) .................................................................................................... 3, 7

*Aminoff v. Ally & Gargano, Inc.*,
   No. 95 Civ. 10535, 1996 WL 675789 (S.D.N.Y. Nov. 21, 1996) ................................... 6

*Arditi v. Lighthouse Int'l*,
   ___ F. 3d. ___, 2012 WL 400706 (2d Cir. Mar. 9, 2012) .............................................. 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................... 2

*Cantor v. American Banknote Corp.*,
   No. 06 Civ. 1392, 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007) ................................... 7

*Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*,
   201 F.3d 44 (2d Cir. 1999) ............................................................................................. 8

*Deuley v. DynCorp. Int'l, Inc.*,
   8 A.3d 1156 (2010) ...................................................................................................... 10

*District of Columbia v. Greater Wash. Bd. of Trade*,
   506 U.S. 125 (1992) ....................................................................................................... 6

*Fort Halifax Packing Co. v. Coyne*,
   482 U.S. 1 (1987) ....................................................................................................... 5, 6

*Gilbert v. Burlington Industries, Inc.*,
   765 F.2d 320 (2d Cir. 1985) ........................................................................................... 8

*Goldman v. Braunstein's, Inc.*,
   240 A.2d 577 (1968) .................................................................................................... 10

*Graham v. Balcor Co.*,
   146 F.3d 1052 (9th Cir. 1998) .................................................................................... 6, 7

*Greenblatt v. Delta Plumbing & Heating Corp.*,
   68 F.3d 561 (2d Cir. 1995) ............................................................................................. 5

*Howard v. Gleeson Corp.*,
  901 F.2d 1154 (2d Cir. 1990) .................................................................................................. 6

*In re Silicon Graphics, Inc.*,
  363 B.R. 690 (Bankr. S.D.N.Y. 2007) ..................................................................................... 4

*Karmilowicz v. Hartford Financial Services Group*,
  No. 11 Civ. 539, 2011 WL 2936013 (S.D.N.Y. July 14, 2011) ............................................... 7

*Knickerbocker Dialysis, Inc. v. TrueBlue, Inc.*,
  582 F. Supp. 2d 364 (E.D.N.Y. 2008) ..................................................................................... 6

*Mackey v. Lanier Collection Agency & Service*,
  486 U.S. 825 (1988) ................................................................................................................. 4

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) .................................................................................................... 9

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  514 U.S. 52 (1995) ............................................................................................................. 9-10

*Miles v. N.Y. State Teamsters Conf. Pension & Ret. Fund Emp.
  Pension Benefit Plan*,
  698 F.2d 593 (2d Cir. 1983) .................................................................................................... 8

*O'Neil v. Wal-Mart Corp.*,
  502 F. Supp. 2d 318 (N.D.N.Y. 2007) .................................................................................... 6

*Paneccasio v. Unisource Worldwide, Inc.*,
  532 F.3d 101 (2d Cir. 2008) ................................................................................................ 3, 8

*Rich v. Zeneca*,
  845 F. Supp. 162 (D. Del. 1994) ........................................................................................... 10

*Romney v. Lin*,
  105 F.3d 806 (2d Cir. 1997) .................................................................................................... 5

*Rush Prudential HMO, Inc. v. Moran*,
  536 U.S. 355 (2002) ................................................................................................................. 2

*Stevenson v. Bank of New York Co.*,
  609 F.3d 56 (2d Cir. 2010) ...................................................................................................... 3

*Syed v. Hercules, Inc.*,
  214 F.3d 155 (3d Cir. 2000) .................................................................................................. 10

*Tappe v. Alliance Capital Management, L.P.*,
   177 F. Supp. 2d 176 (S.D.N.Y. 2001) .................................................................................. 8

*Wang Laboratories, Inc. v. Kagan*,
   990 F.2d 1126 (9th Cir. 1993) ............................................................................................. 9

*Weiss v. La Suisse, Societe D'Assurances Sur La Vie*,
   293 F. Supp. 2d 397 (S.D.N.Y. 2003) .................................................................................. 9

## PRELIMINARY STATEMENT

Plaintiff apparently hopes this Court will not read the cases and instead blindly accept his misleading and conclusory assertions about ERISA. But wishful thinking cannot overcome the copious controlling authority Defendants cited. Barton offers no legitimate basis to oppose this motion. Indeed, despite Defendants' detailed arguments and ample citations, Plaintiff's brief never mentions, and therefore tacitly concedes that:

- Recent Supreme Court and Second Circuit cases establish that state-law causes of action like Plaintiff's that seek the same remedy as an ERISA claim for benefits are preempted because they are duplicative, not independent, of the ERISA claim, and their resolution depends entirely on assessing the ERISA plan's terms, construction, and administration;

- The Department of Labor has opined and numerous courts have held that ERISA preempts claims under the relevant sections of New York's Labor Law, and their conclusion is plainly applicable here both because Plaintiff's Labor Law claim seeks *precisely* the same unpaid benefits he says he is owed under the Plan, and because the Labor Law's damage-doubling provision is irreconcilable with ERISA;

- Federal common law, which determines what state's statute of limitations applies to a claim under ERISA § 502, looks to the Restatement (Second) of Conflicts of Law § 187;

- Under the Restatement, the contractual choice of Delaware law for any matter not preempted by ERISA – which here is *only* the statute of limitations – is binding because the parties could have selected a limitations period for claims under the Plan.

Plaintiff ignores these dispositive points, admits that many of Defendants' authorities are indistinguishable, and dodges but cannot avoid what the law makes plain: ERISA preemption is at its *broadest* when it comes to ERISA §502 claims, and there is no serious question that ERISA preempts Barton's state-law claims. *See* I, *infra*. Nor can Plaintiff avoid the Plan's choice-of-law clause, to which he agreed and which supplies a one-year statute of limitations. In a vain attempt to evade the parties' chosen law, Plaintiff urges the Court to play renvoi ping pong by applying Delaware's conflict rules, even though applicable federal choice-of-law principles make clear that where, as here, parties have contractually agreed to a state's law, the issue is

contract interpretation – *not* conflicts, *see* Defendants' Brief ("Mov. Br.") at 16-17. Any other approach would defeat the central purpose of contractual choice-of-law clauses – predictability. Plaintiff then asserts that New York law applies because that law is selected in a unilateral release he purportedly signed that is not before the Court and in any event is irrelevant because Barton sues under the Plan, *not* under a release that does not create but waives his rights. *See* II, *infra*. We respectfully submit the law requires the Court to grant this motion.

## ARGUMENT

### I.  ERISA Preempts Barton's State-Law Claims

Barton's attempt to avoid preemption relies on distortions of Defendants' brief and misleading quotations from inapposite cases. First, Barton asserts that Defendants' preemption argument "rel[ies] almost completely on [ERISA's] statutory language," and that "Defendants argue that the preemption inquiry begins and ends with a reading of ERISA's broad statutory language." Opp. at 7, 8. That is false. Yes, Defendants' argument *begins*, as it must, with ERISA's broad preemptive language – language that has "extraordinarily preemptive power" in the context of a §502(a)(1)(B) claim. *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 376 (2002). But plainly it does not end there. *See* Mov. Br. at 7-12. Yet Plaintiff seeks to divert this Court's attention from the overwhelming case law establishing that ERISA preempts state-law claims like Barton's that seek only benefits allegedly owed under an ERISA plan.

Second, Barton insists that he was "*not* simply a participant under an ERISA plan," and that "he asserts his state law claims in his *separate* capacity as a party to a written Employment Contract [the "Contract"], which has numerous terms totally unrelated to ERISA."[1] Opp. at 8

---

[1] This Court need not accept Barton's conclusory assertion that the Plan and the Contract "each . . . constituted an independent legal duty that Defendants owed to Barton." Opp. at 4 (emphasis omitted). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint" does not apply to "a legal conclusion couched as a factual allegation").

2

(emphasis in original).  But the relevant term of the Contract (¶ 13) simply made Barton a participant in the Plan, and no term of the Contract unrelated to the Plan is at issue here.³  The Contract says *nothing* about the amount of Barton's severance – only the Plan does, *see* Opp. at 3-4 – and the *only* remedy Barton seeks flows from his claim that the Administrators misinterpreted *the Plan*, Mov. Br. at 9-10.  Because no court could determine whether ¶ 13 was breached without interpreting the Plan's terms, the state-law contract claim merely provides an alternative basis for the same relief sought under ERISA, does not constitute an independent claim, and ERISA preempts it.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 213 (2004); *Arditi v. Lighthouse Int'l*, ___ F. 3d. ___, 2012 WL 400706, at *4 (2d Cir. Mar. 9, 2012) (rejecting argument that employment contract established a "separate and independent promise" from ERISA plan).  Indeed, analyzing facts like those here, *Arditi* distinguished the case on which Barton primarily relies, *Stevenson v. Bank of New York Co.*, 609 F.3d 56 (2d Cir. 2010), *see* Opp. at 9.  *Arditi* explained that, in *Stevenson*, "[w]hatever rights the plaintiff had arose *not* from the [ERISA] plan, but from the independent agreement *that gave him benefits even though he had no right to them under the plan*."  *Arditi*, 2012 WL 400706, at *5 (emphasis added).⁴  Because the Contract supplies Plaintiff with no severance rights that the Plan does not, ERISA preempts the state-law claims.  *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (noting that "ERISA preempts [state common-law claims] that seek to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA," and holding that ERISA preempted state-law claims the

---

³ ¶ 13 also provided, as the Plan permitted, that the Plan would never expire as to Barton and other favorable terms for him not relevant here.  It bears noting that Barton concedes that the Administrators awarded him nearly a million dollars in severance benefits under the Plan.

⁴ *Stevenson* itself makes clear that "state laws that would tend to control or supersede central ERISA functions – such as state laws affecting the determination of eligibility for benefits, *amounts of benefits*, or means of securing unpaid benefits – have typically been found to be preempted."  *Stevenson*, 609 F.3d at 59 (emphasis added).  This language precisely describes Barton's state-law claims.

3

resolution of which "would require reference to the Plan in the calculation of any recovery") (internal quotation marks omitted)).

Third, Barton asserts that his "run of the mill state law contract" claim survives preemption. Opp. at 9-10. This argument fails, both because, as noted above, Barton's claim can be assessed *only* by reference to the Plan, and because Barton's cases are inapposite. Barton principally relies on *Mackey v. Lanier Collection Agency & Service*, 486 U.S. 825 (1988), in which the Court considered whether ERISA preempted a state law concerning the *collection of judgments* against ERISA plans. *Id*. at 831-32. Noting that the garnishment statute at issue created "no substantive causes of action, no new bases for relief, or any grounds for recovery," *id*. at 834 n.10, and that ERISA itself does not address enforcement of judgments obtained by beneficiaries against Plans, the Court held that ERISA did not preempt it because otherwise "there would be no way to enforce such judgments." *Id.* at 834. *Mackey* thus has *nothing* to do with a claim for benefits – for which ERISA § 502 explicitly provides and this action exclusively concerns. Yes, *Mackey* notes that ERISA might not preempt some "run of the mill" civil suits, but the "run of the mill" suits referred to are *not* claims for ERISA benefits. *See id.* at 832-33 (distinguishing ERISA enforcement actions from a "second type of civil action" – "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan"). Unlike *Mackey*, this case concerns whether Barton is *entitled* to a judgment, not about how he might *collect* one. *In re Silicon Graphics, Inc.*, 363 B.R. 690, 699 (Bankr. S.D.N.Y. 2007) (preempting state-law constructive trust claim because it was an alternative substantive state law claim for ERISA benefits, "not the type of enforcement mechanism" at issue in *Mackey*).

The Second Circuit cases Barton cites to support his "run-of-the-mill" theory likewise are

4

inapposite.  Like *Mackey*, those cases concern obligations *ancillary to* an ERISA plan, such as a surety's obligation to make good on a bond.  *See* Opp. at 9-10 (citing, *inter alia*, *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995)).  *Greenblatt*, for example, was a case between the guardians of employee benefit funds administered pursuant to a collective bargaining agreement and the employer's surety.  The plaintiff sought to recover on a surety bond after the employer failed to pay benefits.  The Court concluded that because the state's surety law was akin to a "non-plan-related" action that had at most an "indirect effect on plan assets," and because the surety's duty arose *not* from the ERISA plan but from the surety's bond, the action was not preempted.  *Id.* at 574.  Neither basis for *Greenblatt*'s holding applies here.  *See Romney v. Lin*, 105 F.3d 806, 809 (2d Cir. 1997) (distinguishing *Greenblatt*).  As discussed above, Barton's claim for breach of the Contract implicates no legal duty independent from the Plan, and the state-law rights Barton sues to vindicate are the *opposite* of "non-plan-related."  Indeed, analysis of the state-law Contract claim would lead the Court right back to the provisions of the Plan.  The claim therefore is preempted.  *See* Mov. Br. at 10.

Fourth, Barton asserts that ERISA does not preempt his state-law claims because they "concern benefits owed to an individual" and not "ERISA plan administration."  Opp. at 10.  This contention also fails.  Barton relies heavily on *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987), which concerned a state law requiring certain companies to provide a one-time payment to certain employees if the employer closed or moved a plant more than 100 miles away.  *Id.* at 5.  But that statute did not apply if the employees were "covered by a contract [such as a collective bargaining agreement] that deals with the issue of severance pay," *id.*, and no party argued that the plaintiff employees were participants in any ERISA plan.  The Supreme Court held that ERISA did not preempt this statute because it did not force the employer to

create a *plan* but instead simply, on a single occasion, to write a check. *Id.* at 12. Here, Barton seeks benefits allegedly owed to him *under what he concedes is an ERISA plan*; he claims the Administrator misinterpreted the Plan's terms and thus paid him less than what the Plan entitles him to. And Plaintiff's own allegations – that in the past the Administrator has interpreted the Plan differently for other executives, *see* Am. Compl. ¶¶ 37-38 – show that the issue here, unlike in *Fort Halifax*, is the administration of an ongoing plan. *See Howard v. Gleeson Corp.*, 901 F.2d 1154, 1156-57 (2d Cir. 1990) (finding that plaintiff's reliance on *Fort Halifax* was misplaced because plaintiff sought to vindicate rights obtained "pursuant to" an ERISA plan).[5]

Fifth, Barton asserts that his New York Labor Law claim should survive because ERISA cannot preempt any law of general applicability. Opp. at 11-12. That overbroad claim ignores that ERISA's preemptive scope is *not* limited to state laws specifically directed at or intended to affect ERISA plans or which conflict with ERISA's substantive provisions. *District of Columbia v. Greater Wash. Bd. of* Trade, 506 U.S. 125, 129-30 (1992). Barton ignores both this Supreme Court precedent and cases applying it (cited at Mov. Br. 11-12.).[6] And when Plaintiff attempts to distinguish Defendants' cases, he fails. For example, Barton contends that the plaintiffs in *Aminoff v. Ally & Gargano, Inc.*, No. 95 Civ. 10535, 1996 WL 675789, at *5 (S.D.N.Y. Nov. 21,

---

[5] Barton also cites *Graham v. Balcor Co.*, 146 F.3d 1052 (9th Cir. 1998), but his cherry-picked quotations mislead the Court about *Graham*'s holding. *Graham* concerned whether ERISA preempted a state-law contract claim based upon an alleged breach of a settlement agreement between the parties. The court concluded that preemption did not apply because Congress's intended ERISA "to establish uniformity in the administration of plans, not in employee-employer settlements which are by necessity individualized." *Id.* at 1055. There is nothing individualized about the Contract's severance provision at issue here – which simply incorporates the Plan – or about the Plan itself, which by its terms applies to a group of company executives. *Graham* might be relevant if, for example, the Contract – instead of importing the terms of the Plan – guaranteed Barton quantified severance benefits that neither arose from the Plan nor were calculable by reference to the Plan. Those are not the facts here.

[6] Again, Barton's cases are inapposite. *See* Opp. at 11-12. *O'Neil v. Wal-Mart Corp.*, 502 F. Supp. 2d 318 (N.D.N.Y. 2007), concerned a state statute relating to a step-parent's responsibility for child-support orders. The court's determination that ERISA did not preempt the statute hinged on its finding of "considerable evidence" indicating that "Congress did not intend for ERISA to preempt state child support statutes." *Id.* at 323. In *Knickerbocker Dialysis, Inc. v. TrueBlue, Inc.*, 582 F. Supp. 2d 364 (E.D.N.Y. 2008), the court considered a contract dispute between a plan and the plan's service provider over the amount the provider was to be paid for providing dialysis treatments. *Knickerbocker* involved neither a plan participant nor an ERISA enforcement claim. Plaintiff's quotations from this irrelevant case are disturbingly divorced from their context and therefore misleading.

6

1996), were "directly challenging the administration of the plan," and that he is not. Opp. at 12. But that is *exactly* what Barton is doing: challenging the Administrator's interpretation of the Plan's terms concerning the appropriate severance. Barton further asserts that *Karmilowicz v. Hartford Financial Services Group*, No. 11 Civ. 539, 2011 WL 2936013, at *14 (S.D.N.Y. July 14, 2011), is distinguishable because it involved "multiple issues of plan administration in connection with multiple plans." Opp. at 12. But there, as here, the plaintiff asserted New York Labor Law and ERISA enforcement claims, and the court squarely held that ERISA preempted the state-law claims because they were largely duplicative of, and provided remedies supplemental to, ERISA. *Karmilowicz*, 2011 WL 2936013, at *14.

Barton's arguments are based on carefully selected misleading quotes from irrelevant cases.[7] He also ignores many controlling cases cited by Defendants (even conceding in a point heading that he cannot distinguish all such cases, *see* Opp. at 13). Thus Barton never mentions *Davila*, a directly relevant Supreme Court case on which Defendants relied. Mov. Br. at 8, 10.[8] *Davila* makes clear that Barton asserts no claims independent of the Plan, and that his state-law claims – which seek the *same* additional severance the ERISA claim demands (or, on his Labor Law claim, double), and which all turn on the same facts and interpretation of the same Plan language – are preempted. Moreover, Plaintiff's fleeting and misleading attempt, *see* Opp. at 13,

---

[7] For example, Barton relies heavily on *Cantor v. American Banknote Corp.*, No. 06 Civ. 1392, 2007 WL 3084966 (S.D.N.Y. Oct. 22, 2007) (*see* Opp. at 14), but there, as in *Graham*, the plaintiff sought severance benefits payable due *only* under a settlement agreement – *i.e.*, the plaintiff's asserted entitlement to benefits came from a settlement agreement, not an ERISA plan; plaintiff neither did nor could allege a claim under ERISA §502(a). *Cantor*, 2007 WL 3084966, at * 4 (concluding that the plaintiff's claim was not preempted because "[n]o set of facts consistent with th[e] [plaintiff's] allegations can support a claim under [ERISA's enforcement provision"). By contrast, if Barton's ERISA claim were not time-barred, he plainly would be entitled to assert one.

[8] The Court in *Davila* rejected the plaintiffs' argument that the state-law claim was not preempted because it imposed a duty that was "independent" of the duties created by ERISA, noting that merely semantic or superficial independence is insufficient to prevent preemption when an asserted state-law claim requires a court to "interpret[] the terms of [a] benefit plan" – that is, when the "wording of the plan[] is . . . material to the[] state causes of action." *Id.* at 213, 215. Barton's state-law claims undeniably require interpretation of the terms of the Plan – indeed, the very same terms at issue in his ERISA enforcement claim. Under *Davila*, Barton's contention that ERISA does not preempt his breach of Contract claim is frivolous.

7

to distinguish two Second Circuit cases cited by Defendants that on any fair reading foreclose Barton's state-law claims – *Paneccasio* and *Gilbert v. Burlington Industries, Inc.*, 765 F.2d 320 (2d Cir. 1985) – is baseless.  Both decisions discuss ERISA preemption at length, and both show that Barton's state-law claims are barred because they are merely alternatives to his ERISA claim.  *Paneccasio*, 532 F.3d at 114; *Gilbert*, 765 F.2d at 326-28.[9]

## II.     Barton's ERISA Claim is Time-Barred

Barton asserts that ERISA somehow preempts the Plan's choice-of-law.  Opp. at 17.  But as Defendants have explained – and as Barton apparently concedes, *see* Opp. at 16-17 – because ERISA does not supply a statute of limitations for §502(a)(1)(B) claims like Barton's, it *cannot* preempt a state limitations statute.  Mov. Br. at 13.  Because the Plan's choice of Delaware law for any matter not preempted by ERISA applies, the Court looks to Delaware law to locate the statute of limitations.  The cases Barton cites, *see* Opp. at 17, are consistent with that position: Both *Miles v. N.Y. State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593 (2d Cir. 1983), and *Carey v. International Brotherhood of Electrical Workers Local 363 Pension Plan*, 201 F.3d 44 (2d Cir. 1999), resolved issues concerning when an ERISA claim *accrues* (which is not an issue raised by this motion).  Neither case concerned an ERISA plan with a choice-of-law provision, and in neither case does it appear that the parties disputed the governing limitations period.

Barton's brief – but not his Amended Complaint – alleges that Barton signed the Plan's release form (the "Release").  Opp. at 5, 17-18.  Even assuming it is proper to consider the

---

[9] Barton's assertion that the plaintiffs in *Gilbert* did not "allege[], much less prove[], any basis for relief not arising from the ERISA plan itself," Opp. at 13-14, is flatly false.  The plaintiffs in *Gilbert* alleged *numerous* state-law claims in addition to an ERISA enforcement claim, just like Barton does.  Barton's discussion of *Tappe v. Alliance Capital Management, L.P.*, 177 F. Supp. 2d 176 (S.D.N.Y. 2001) likewise is misleading.  *See* Opp. at 14; Mov. Br. at 9.  The court in *Tappe* dismissed as preempted *all* of the plaintiff's state-law claims for unpaid severance, which payments the plaintiff asserted he was owed pursuant to an ERISA plan.  *Tappe*, 177 F. Supp. 2d at 188.  The plaintiff's *quantum meruit* claim was for an unpaid *bonus* (not for benefits under an ERISA plan) and the defendant at no time argued that it was preempted.  *Id.* at 187.

Release, *see* Mov. Br. at 2 n.2, its choice of New York law does not undermine the *Plan's* choice of Delaware law.  As the Amended Complaint makes clear, Barton asserts he did not get enough severance benefits *under the Plan*; he sues because he says the Administrators misconstrued the Plan.  Barton could not sue under the Release because it creates no rights for him; it *waives* them.  Thus, the Release is an irrelevant distraction.

Barton's attempt to distinguish the holding of *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126 (9th Cir. 1993), that ordinarily a court should enforce an ERISA plan's choice-of-law provision, *see* Mov. Br. at 14-15, is baseless.  Barton identifies differences between the choice-of-law clause in *Wang* and the Plan's closely analogous clause, but does not even attempt to argue that any difference between the two is material.  Opp. at 18.  And Barton ignores the other circuit court cases Defendants cited beside *Wang*.  Nor is there any merit to Barton's conclusory assertion that this case falls into the narrow exception that excuses enforcement of a plan's choice-of-law clause when enforcement would be "unreasonable or fundamentally unfair."  Opp. at 18.  As Defendants have explained, *see* Mov. Br. at 17-18, it is fair to hold an experienced business lawyer and senior executive to the terms of an ERISA contract he carefully negotiated.

Barton's fallback argument – that were the Court to apply Delaware law, it would then have to apply its conflicts rules which, in turn, would require the Court to apply New York law – defies settled law.  Barton would have this Court wade into the renvoi "bog," *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000), but federal courts reject renvoi when the parties contractually have chosen a state's law:  "Courts typically do not apply a conflicts analysis – let alone the conflicts law of the state whose law has been selected as governing – where the parties have expressly provided that a certain law applies."  *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 402 (S.D.N.Y. 2003)*; see also Mastrobuono v. Shearson*

9

*Lehman Hutton, Inc.*, 514 U.S. 52, 59 (1995) (noting that a choice of law clause "may reasonably be considered a substitute for the conflicts-of-laws analysis that otherwise would determine what law to apply to disputes arising out of the contractual relationship").[10]

Finally, Barton's contention that if Delaware law applies, its 3-year statute of limitations governs, is foreclosed by controlling precedent. Mov. Br. at 18-19. *Syed v. Hercules, Inc.*, 214 F.3d 155 (3d Cir. 2000), is dispositive. The "chief issue" there is the same here: "the statute of limitations that [applies to a] claim for benefits under ERISA §502(a)(1)(B)." *Id.* at 158-59. Of Delaware's two possibly applicable limitations statutes, *Syed* held that benefits allegedly owed to an employee under an ERISA plan are the type of "benefits arising from . . . work" that Delaware's one-year statute of limitations covers.[11] *Id.* at 159-60. Moreover, contrary to Barton's assertion, *see* Opp. at 20, the *Syed* court's determination did not turn on the nature of the ERISA benefit sought (*i.e.*, disability benefits as opposed to severance benefits), but on the fact that the plaintiff asserted a §502(a) claim. *Syed*, 214 F.3d at 158-59. Even assuming that Plaintiff's claim accrued in February 2009 (*see* Am. Compl. ¶ 25), his enforcement action plainly is untimely.

## CONCLUSION

The Court should grant this motion to dismiss the Amended Complaint in its entirety.

---

[10] Barton cites only a single case to support his argument, but it does not say what he says it does. The court in *Deuley v. DynCorp. Int'l, Inc.*, 8 A.3d 1156, 1161 (2010), found that there was *no* true conflicts issue before it, and contrary to Barton's suggestion that MSLO's status as a Delaware corporation is meaningless, *see* Opp. at 19, *Deuley* notes that the state of incorporation is a material factor in conflicts analysis. *Id.*

[11] Barton cites *Rich v. Zeneca*, 845 F. Supp. 162 (D. Del. 1994) (*see* Opp. at 20), but *Rich* is a district court opinion that predated *Syed* (and which *Syed* expressly distinguished in ways material here), and in any event the claim in *Rich* was for wrongful discharge under 29 U.S.C. § 1140, *not* an ERISA enforcement action. *See Rich*, 845 F. Supp. at 164. *Goldman v. Braunstein's, Inc.*, 240 A.2d 577 (1968) – a case that predates the existence of ERISA, and that Barton also cites – also is irrelevant. *Goldman* involved a breach of contract claim for wages for *future* service, not a claim like Barton's for severance benefits paid in respect of prior service.

                                              CUTI HECKER WANG LLP

                                              By: _____/s/_____

                                                John R. Cuti (JC 3365)
                                                Julie B. Ehrlich (JE 1880)

                                            305 Broadway, Suite 607
                                            New York, NY 10007
                                            (212) 620-2601

                                            *Attorneys for Defendants*

Dated: May 7, 2012
       New York, New York


To:   All Counsel of Record by ECF

11