UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

GREGORY BARTON,

        Plaintiff,

-v-                                    No. 12 Civ. 0881 (LTS)

MARTHA STEWART LIVING
OMNIMEDIA, INC., et al.

        Defendants.

------------------------------------------------------x



## MEMORANDUM OPINION AND ORDER

        Plaintiff Gregory Barton ("Plaintiff" or "Barton") brings this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), against Defendants Martha Stewart Living Omnimedia, Inc., et al. ("Defendants" or "MSLO"). Plaintiff asserts claims for breach of contract under an ERISA plan, common law breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the New York State Labor Law ("NYLL"). Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. The Court has reviewed thoroughly the parties' submissions and, for the reasons set forth below, Defendants' motion to dismiss the Amended Complaint is granted.

BACKGROUND

The following recitation of material facts is drawn from the Amended Complaint, the factual allegations of which are taken as true, and from documents integral to that Complaint. Plaintiff Gregory Barton is a graduate of Harvard Law School who, on or about October 1, 2007, entered into a written employment contract (the "Employment Contract") to become General Counsel of MSLO. (Am. Compl.¶¶ 3, 12.) The Employment Contract provided that Barton was to receive at least $400,000 in annual salary, and would be eligible to receive an annual target bonus of 70% of that base salary. (Id. ¶¶ 13-14.) On August 6, 2008, MSLO terminated Barton's employment without cause. (Id. ¶ 20.)

Under the heading "Severance," the Employment Contract provided that Barton would be a participant in MSLO's 2005 Executive Severance Pay Plan (the "Plan"). (Id. ¶ 15.) The Employment Contract incorporated the Plan by reference, with the exception of a stipulation that the Plan as so incorporated was "deemed to have no expiration date." (Id.)[1] The Plan provided that, if Barton was terminated without cause, he would be entitled to receive: (1) continued payment of his base salary for a year, (2) a one-time bonus payment equal to 100% of the target annual bonus in effect as of his Employment Severance Date, and (3) a "Pro-Rata" bonus, calculated by multiplying the target annual bonus by a fraction with a numerator equal to the number of days Barton worked that year and a denominator of 365. (Id. ¶ 18.) Shortly after his termination, Barton e-mailed company executives, stating that he was owed the three benefits listed above, with payments to be deferred into 2009 to avoid tax penalties. On February 17,

---

[1] The Amended Complaint refers to the Plan as Exhibit 1 thereto, but no such exhibit was filed on the Court's electronic system. The Plan is in the record, however, as an Exhibit to the original Complaint. (See docket entry no. 1.)

2009, MSLO's "Comp & Benefits Manager" Tina Mohlya informed Barton that MSLO would provide him with a year of his base salary, but would only provide him with 15% of the two target bonus-referenced payments. (Id. ¶¶ 24-25.) Section 2.05 of the Plan provides that "no reduction in salary or target annual bonus of an Eligible Participant shall be taken in to account in determining his or her severance benefits, if such reduction . . . was instituted just prior to, or after, the giving of an employment termination notice by the Company or the Eligible Participant."

The Plan provides that it "shall be governed by ERISA and, to the extent not preempted thereby, the laws of the State of Delaware." (Plan § 5.10.)

Barton asserts that his target annual bonus was never reduced and that Defendants have breached both the Plan and the Employment Agreement by reducing unilaterally the amount of bonus-based severance to be paid to Barton. Defendants have moved to dismiss Barton's Amended Complaint, asserting that the state law claims are preempted by ERISA and that, by virtue of the Plan's choice of law clause, Barton's claim is barred by Delaware's one-year statute of limitations that applies to claims arising from "work, labor or services performed." Plaintiff argues that his claim is timely under New York's six-year statute of limitations for contract actions.

DISCUSSION

In deciding a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Swiatkowski v. Citibank, 446 Fed.

Appx. 360, 360-61 (2d Cir. 2011); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Preemption of State Law Claims

ERISA preempts any and all state laws that "relate to" an employee benefit plan. 29 U.S.C. § 1144. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983). ERISA preempts state law claims for employee benefit plans where (1) "an individual, at some point in time, could have brought his or her claim under ERISA § 502(a)(1)(B);"[2] and (2) "no other independent legal duty . . . is implicated by a defendant's actions." Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004). The Second Circuit has held that the first prong of the test is satisfied where "the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B); and second . . . [that] the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011). The first prong of the Davila test

---

[2] ERISA § 502 is the statute's civil action provision relating to claims for plan benefits and provides that "(a) . . . a civil action may be brought (1) by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C.A. 1132 § (a)(1)(B) (West 2011).

is not at issue in this case, since Barton has asserted an ERISA claim. Barton argues, however, that his additional state law causes of action are not preempted because they are founded on the Employment Contract and thus arise from an independent legal duty within the meaning of Davila. This contention is belied by the terms of the Employment Contract itself.

In Arditi v. Lighthouse Int'l, 676 F.3d 294 (2d Cir. 2012), the Second Circuit held that an employment contract could not create an independent duty sufficient to overcome Davila where the plaintiff was a Plan participant, the Plan was the "basis for the claimed benefits," and the defendant's obligations were "inextricably intertwined with the interpretation of Plan coverage and benefits." Arditi, 676 F.3d at 299-300 (quoting Montefiore, 642 F.3d at 332).

Here, the Employment Contract provided that Plaintiff would be a participant in the Plan and incorporated the Plan by reference, the only modification being the non-expiration provision, which is not at issue in this litigation. Benefits were to be determined solely under the terms of the Plan; the Employment Contract contains no other severance benefit determination provision. Hence, the Employment Contract created no independent legal duty, and the Plan is "the basis for [Barton's] claimed benefits." Id. at 300. MSLO's obligations to Barton are, therefore, "inextricably intertwined with the interpretation of Plan coverage and benefits." Id. at 299.

Barton relies heavily upon Stevenson v. Bank of New York Co., 609 F.3d 56 (2d Cir. 2010). The Stevenson decision is, however, inapposite, because in that case the plaintiff had actually left the employ of the plan sponsor to join one of its affiliates and the original employer had undertaken contractually to duplicate or bridge original plan benefits for which the plaintiff was no longer eligible. See Stevenson, 609 F.3d 58, 60-61; Arditi, 676 F.3d at 300

(distinguishing Stevenson). Here, Plaintiff's Employment Contract-based state law contract claim derives from his participation in the Plan and is for benefits calculated pursuant to the Plan. It is therefore preempted by ERISA.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is similarly preempted because ERISA preempts claims that seek "to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA." Paneccassio v. Unisource Worldwide, Inc., 532 F.3d 101 (2d Cir. 2008) (quoting Davila, 542 U.S. at 214) (dismissing common law breach of good faith and fair dealing claim where the claim was premised upon the denial of benefits under a plan, and "would require reference to the Plan in the calculation of any recovery"). Paneccasio, 532 F.3d at 114.

Barton also brings claims under New York State Labor Law Art. 6, N.Y. Lab. Law § 190 et seq. Specifically, Barton asserts that, in calculating his Plan benefits based on a reduced percentage of the target bonus, Defendants violated sections 191 and 193 of the Labor Law, by making an unauthorized deduction from his "wages." (Am. Compl. ¶ 54.) He seeks to recover the full target bonus-related payments under the Plan, plus a 100% additional penalty and attorneys' fees pursuant to the New York statute. (Am. Compl. ¶ 59.)

The Second Circuit has held that Section 198-c of New York State's Labor Law is preempted by ERISA, at least "insofar as it applies to severance plans." Gilbert v. Burlington Industries, Inc., 765 F.2d 320, 324 (2d Cir. 1985). Additionally, "ERISA pre-empts state laws that . . . provide alternative enforcement mechanisms." New York State Conf. of Blue Cross and Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995). Plaintiff's New York state statutory claims are, accordingly, preempted. See, e.g., Karmilowicz v. Hartford Financial

Services Group, No. 11 Civ. 539(CM)(DCF), 2011 WL 2936013, at *14 (S.D.N.Y. Jul. 14, 2011) (severance pay cannot be recovered under New York Labor Law §191 and §193 when "the Severance Policy explicitly states benefits are governed by ERISA"); Henry v. Dow Jones, No. 08 Civ. 5316(NRB), 2009 WL 210680, at *4 (S.D.N.Y. Jan 28, 2009) (a plaintiff should not be permitted to "recast an action for ERISA benefits as a set of state law causes of action"). All of Plaintiff's state law claims will therefore be dismissed as preempted by ERISA.

Timeliness of ERISA Claim

        As noted above, Defendants contend that Plaintiff's ERISA claim must be dismissed because it was not asserted in a timely manner. Resolution of this issue requires examination of whether the choice of law provision of the Plan governs the identification of the applicable statute of limitations and, to the extent Delaware law is applicable, whether a one- or a three-year statute of limitations applies. Because ERISA does not provide a statute of limitations, "the controlling limitations period is that specified in the most nearly analogous state limitations statute." Miles v. N.Y. State Teamsters Conf. Pension & Ret. Fund Emp. Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983). However, courts will enforce choice of law provisions in ERISA plans if they are not "unreasonable or fundamentally unfair . . . viewed from the time when the contract was made, when a particular individual could not know whether he would be a litigant." Wang Laboratories, Inc. v. Kagan, 990 F.2d 1126, 1129 (9th Cir. 1993).

        Section 5.10 of the Plan provides that it "shall be governed by ERISA and, to the extent not preempted thereby, the laws of the State of Delaware." Plaintiff asserts that New York law should nonetheless govern the statute of limitations, arguing that, because Plaintiff

worked for Defendant in New York (Defendant is incorporated in Delaware), New York's six-year contract limitations period is the most analogous one, and further arguing that Delaware's conflicts of law provisions should yield to the New York statute even if the choice of law clause is upheld.

Defendant has proffered nothing to indicate that resort to Delaware law was unreasonable or fundamentally unfair from the point of view of the parties when the contract was made. Indeed, it is plain from the face of the Amended Complaint that Plaintiff is a sophisticated lawyer who exercised significant bargaining power in negotiating the Employment Contract, including obtaining an exception from the normal expiration provisions of the Plan. Furthermore, the connection of the Plan and the parties' relationship with Delaware, which is Defendant's state of incorporation, constitutes a connection with that state that is sufficient to support the choice of law provision.

Delaware courts enforce choice of law provisions so long as the place chosen bears "some material relationship to the transaction." Deuley v. DynCorp Intern., Inc., 8 A.3d 1156, 1161 (Del. 2010). Both Delaware courts, and courts interpreting Delaware law, have held that state of incorporation suffices to establish that material relationship. Suburban Trust & Savs. Bank v. Univ. of Del., 910 F. Supp. 1009, 1013 (D. Del.1995) (holding that a "material connection" was "clearly present here because defendant is incorporated in Delaware"); see also In re U.S. Office Prods. Co. Sec. Litig.., 251 F. Supp. 2d 77, 90 (D. D. C. 2003) (holding that "As [defendant] is incorporated in Delaware, Delaware has a material relationship to the . . . Agreement"). The Court therefore concludes that, because state of incorporation suffices to

establish a material relationship to the transaction and MSLO is incorporated in Delaware, Delaware law applies even under a conflicts analysis.

Even a determination that New York's connection with the transaction required consideration of its limitations period under conflict of laws principles would not mandate application of the six-year contract limitation statute, because New York permits parties to specify a shorter limitations period in a written agreement. See N.Y. C.P.L.R. § 201; Burke v. Pricewaterhouse Coopers LLP Long Term Disability Plan, 572 F.3d 76 (2d Cir. 2009) (three-year period specified in ERISA plan controls); Yuhas v. Provident Life and Cas. Ins. Co., 162 F. Supp. 2d 227 (S.D.N.Y. 2001) (shorter period governs claim when specified in written agreement); Viti v. Guardian Life Ins. Co. of America, 817 F. Supp. 2d 214 (S.D.N.Y. 2011) (upholding shorter period in ERISA plan context). This principle clearly indicates that the Plan's provision for application of the shorter Delaware statute is to be respected.

Delaware law establishes two arguably analogous statutes of limitation - a three-year statute generally applicable to actions "based on a promise," and a one-year statute applicable to actions related to "work, labor or services performed." See 10 Del. C. §§ 8106, 8111. Plaintiff argues that the three-year statute governs here. However, the Delaware Supreme Court has held that, where "Plaintiffs['] claims are for separation pay allegedly due . . . under an employee welfare benefit plan adopted by defendant . . . the claims arise out of work, labor or personal services performed for defendant." Turner v. Diamond Shamrock Chemicals Co., 1987 WL 17175 (Del. Sept. 14, 1987). Additionally, the fact that the pro-rata bonus is calculated on the basis of how many days Barton worked in the final year suggests that the severance pay at issue here is, by definition, a benefit arising from "work, labor, or services performed." Syed v.

Hercules Inc., 214 F.3d 155 (3d Cir. 2000) (holding that one-year statute governed where a Summary Plan Description provided that an employee had to work in order to be entitled to disability benefits); see also Goldman v. Braunstein's, Inc., 240 A.2d 577, 578 (Del. 1968) (holding that a claim arising from wrongful termination of an employment contract is subject to the three-year period, while citing statutory language that "benefits arising from . . . work" are subject to the one-year period). The Court concludes that the one-year Delaware statute is most analogous to the ERISA severance benefit cause of action, and thus finds the complaint facially untimely, as Plaintiff was first informed that he would be paid a reduced benefit in February 2009. Accordingly, the Amended Complaint will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted. This Memorandum Order resolves docket entry no 12. The Clerk of Court is requested to enter judgment in Defendants' favor and close this case.

SO ORDERED.

Dated: New York, New York
September 17, 2012

LAURA TAYLOR SWAIN
United States District Judge